UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Autoine A. Belizaire

Write the full name of each plaintiff.

-against-

United Airlines

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

26 CV 1870

(Include case number if one has been
assigned)

Do you want a jury trial?
☒ Yes     ☐ No

RECEIVED
SDNY PRO SE OFFICE
2026 MAR -6 PM 2:48

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with
the court should therefore *not* contain: an individual's full social security number or full birth
date; the full name of a person known to be a minor; or a complete financial account number. A
filing may include *only*: the last four digits of a social security number; the year of an individual's
birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule
of Civil Procedure 5.2.

---

Rev. 1/24/19

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

Autoine                          A.             Belizaire
First Name              Middle Initial       Last Name

66   Marine St
Street Address

Nassau, Massapequa,          NY              11758
County, City                         State          Zip Code

516-474-4379                Flybell 2001 @ yahoo.Com
Telephone Number            Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:     United Air Lines
                 Name
                 233   Wacker Dr.
                 Address where defendant may be served
                      Chicago, Ill                   60606
                 County, City              State       Zip Code

Defendant 2:
                 Name


                 Address where defendant may be served


                 County, City             State        Zip Code

Page 2

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                    State                Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

UNITED    AIRLINES
Name

NEWARK   INTERNATIONAL   AIRPORT   TERM C
Address

NEWARK   ,    N J.
County, City                    State                Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☑ **Title VII of the Civil Rights Act of 1964,** 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☑ race:    AFRICAN AMERICAN

☑ color:    BLACK

☐ religion:  _____

☑ sex:    MALE

☐ national origin:  _____

Page 3

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☑ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: __1960__

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B. Other Claims

In addition to my federal claims listed above, I assert claims under:

☑ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐   did not hire me

☐   terminated my employment

☐   did not promote me

☐   did not accommodate my disability

☐   provided me with terms and conditions of employment different from those of similar employees

☑   retaliated against me

☑   harassed me or created a hostile work environment

☐   other (specify):  _____

_____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

SEE ATTACHED !

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

**COMPLAINT AND JURY DEMAND**

Plaintiff Antoine Belizaire, proceeding pro se, for his Complaint against Defendants, alleges as follows:

## I. PARTIES

1. Plaintiff is an adult resident of the State of New York and has been employed by Defendant United Airlines, Inc. ("United") as a Flight Attendant for approximately twenty-five (25) years.

2. At all relevant times, Plaintiff was sixty-four (64) years of age.

3. Defendant United Airlines, Inc. is a corporation engaged in interstate air transportation and is an employer within the meaning of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA").

4. Defendant Association of Flight Attendants-CWA, AFL-CIO ("Union") is a labor organization representing United flight attendants for purposes of collective bargaining and grievance processing and is subject to the duty of fair representation under the Railway Labor Act.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under federal law, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and the Railway Labor Act.

6. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue. This action is filed within ninety (90) days of receipt of that Notice.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District and a substantial part of the events giving rise to the claims occurred within this District and/or within the State of New York and New Jersey.

## III. FACTUAL ALLEGATIONS

8.     Plaintiff has been employed by United for approximately twenty-five years and has maintained an excellent performance and attendance record with no prior discipline.

9.     Prior to the events described herein, Plaintiff had never been accused of misconduct.

10.     On or about December 18, 2024, Plaintiff received written notice that he was under investigation for alleged misconduct and that an investigative interview would be held on January 20, 2025.

11.     The investigation concerned allegations made by a co-worker flight attendant claiming that Plaintiff:
(a) touched her lower waist while passing her on a flight;
(b) followed or stalked her at a hotel during a layover; and
(c) touched her repeatedly on a return flight.

12.     These allegations are false.

13.     During the flights in question, Plaintiff was assigned to the rear of the aircraft, while the accuser was assigned to the front cabin, limiting contact between them.

14.     The only interaction between Plaintiff and the accuser occurred when Plaintiff briefly passed through the forward cabin to assist with customer service before taking a break.

15.     Plaintiff never touched the accuser's lower waist, never followed or stalked her at any hotel, and never engaged in inappropriate conduct.

16.     No eyewitness statements from crew members substantiate the allegations.

17.     Plaintiff was provided access to the investigative file only minutes before the interview, preventing meaningful preparation.

18.     Plaintiff requested that United preserve and produce video surveillance footage from the hotel and from London Heathrow Airport (LHR) and Newark Liberty International Airport (EWR), which he believes would demonstrate that the allegations were not credible.

19.     United failed and/or refused to produce such video evidence and did not confirm whether it was preserved.

20.     Plaintiff observed that the accuser's statements changed over time and became more detailed after additional communications with management.

21.     Alleged witnesses provided hearsay statements and did not report firsthand observations of improper conduct.

22.     Plaintiff believes the investigation was biased, one-sided, and conducted in bad faith.

23.     Following the investigation, management offered Plaintiff a settlement requiring him to relinquish contractual and legal rights, including the right to pursue legal claims, in exchange for reduced discipline.

24.     Plaintiff was informed that refusal to sign the agreement would result in harsher discipline.

25.     Plaintiff refused to waive his rights or admit to allegations he did not commit.

26.     On or about February 13, 2025, United issued Plaintiff a Level 4 "Last Chance" discipline, the most severe form of discipline short of termination.

27.     A Level 4 discipline exposes Plaintiff to immediate discharge for even minor or unrelated allegations and places his career in jeopardy.

28.    The discipline was imposed despite Plaintiff's long and unblemished employment record and the lack of credible evidence.

29.    Plaintiff filed a grievance through the Union.

30.    The Union failed to adequately investigate, failed to obtain requested evidence, failed to secure witness statements, and failed to advance the grievance beyond the initial stage.

31.    The Union advised Plaintiff that he had no right to appeal further because he had not been terminated, a limitation not contained in the collective bargaining agreement.

32.    As a result, Plaintiff's grievance was effectively abandoned.

33.    Plaintiff was treated more harshly than similarly situated employees and was singled out because of his race and age.

34.    Upon information and belief, older and minority flight attendants are disproportionately subjected to severe discipline without progressive corrective measures.

35.    As a result of Defendants' conduct, Plaintiff has suffered emotional distress, reputational harm, economic loss, and damage to his career.

## IV. CAUSES OF ACTION

### COUNT I

**Race Discrimination (Title VII – Against United)**

36.    Plaintiff incorporates the preceding paragraphs.

37.    Plaintiff is a member of a protected racial group.

38.     United subjected Plaintiff to disparate treatment, a biased investigation, and severe discipline because of his race.

39.     United's stated reasons for discipline were pretextual.

40.     United's conduct violated Title VII.

## COUNT II

### Age Discrimination (ADEA – Against United)

41.     Plaintiff incorporates the preceding paragraphs.

42.     Plaintiff was over forty (40) years old at all relevant times.

43.     United subjected Plaintiff to adverse employment action, including Last Chance disciplinary status, because of his age.

44.     Younger employees were treated more favorably under similar circumstances.

45.     United's conduct violated the ADEA.

## COUNT III

### Retaliation (Title VII and ADEA – Against United)

46.     Plaintiff incorporates the preceding paragraphs.

47.     Plaintiff engaged in protected activity by asserting his contractual and legal rights and refusing to waive those rights.

48.    United retaliated against Plaintiff by imposing harsher discipline and threatening further adverse action.

49.    Such conduct violates Title VII and the ADEA.

## COUNT IV

### Breach of Duty of Fair Representation (Against Union)

50.    Plaintiff incorporates the preceding paragraphs.

51.    The Union owed Plaintiff a duty of fair representation in processing his grievance.

52.    The Union acted arbitrarily, discriminatorily, and in bad faith by failing to properly investigate, gather evidence, and advance the grievance.

53.    The Union's conduct deprived Plaintiff of contractual protections and caused harm.

## V. DAMAGES

54.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered lost wages, ~~lost benefits~~, emotional distress, reputational harm, and other compensatory damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' actions violated federal law;
B. Order removal and expungement of the Level 4 discipline from Plaintiff's record;

C. Restore Plaintiff's contractual and employment rights;
D. Award back pay, front pay, and lost benefits;
E. Award compensatory and punitive damages as permitted by law;
F. Award costs and any allowable attorney's fees; and
G. Grant such other relief as the Court deems just and proper.

---

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,


Antoine Belizaire

66 Marine St. Massapequa, NY, 11758 (516) 474-4379
flybell2001@yahoo.com
Pro Se Plaintiff Dated: 03/03/2026

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☑ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?    _02 / 25_

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☑ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?    _12 - 9 - 25_

When did you receive the Notice?    _12 - 9 - 25_

☐ No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

☐  direct the defendant to hire me

☐  direct the defendant to re-employ me

☐  direct the defendant to promote me

☐  direct the defendant to reasonably accommodate my religion

☐  direct the defendant to reasonably accommodate my disability

☑  direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here):

I would Like to be compensated for Character Assacination, Anxiety, Emotional Distress, Unjustly Accused, # II Damage to my Carreer therefore I Am Seeking #5,000,000 in Damages.

Page 6



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/09/2025

**To:** Mr. Antoine A. Belizaire
66 Marine st
MASSAPEQUA, NY 11758
Charge No: 440-2025-04551

EEOC Representative and email:　　VANESSA HETHERINGTON
INVESTIGATOR
VANESSA.HETHERINGTON@EEOC.GOV

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2025-04551.

On behalf of the Commission,

Digitally Signed By:Amrith Kaur Aakre
12/09/2025
Amrith Kaur Aakre
District Director

## VII.    PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| 3-6-26 | _Belizaire_ (signature) |
| Dated | Plaintiff's Signature |
| ANTOINE | A. BELIZAIRE |
| First Name          Middle Initial | Last Name |
| 66 MARINLE ST | |
| Street Address | |
| NASSAU MASSAPEQUA, NY | 11758 |
| County, City          State | Zip Code |
| 516-474-4379 | Flybell2001@yahoo.com |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

EEOC No. 440-2025-04551 I FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 440-2025-04551 |
| Illinois Department Of Human Rights | |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Mr. Antoine A. Belizaire

Phone No.:    (516) 474-4379
Year of Birth:    1960
Mailing Address: 66 Marine st
MASSAPEQUA, NY 11758

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: United airlines
No. Employees, Members:
Phone No.:
Mailing Address: 233 Wacker Dr
CHICAGO, IL 60606, UNITED STATES OF AMERICA
Name:
No. Employees, Members:
Phone No.:
Mailing Address:

DISCRIMINATION BASED ON:

Age, Race, Retaliation, Sex

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 11/14/2024
Latest: 01/15/2025
Continuing Action

THE PARTICULARS ARE:

2006 *AB*

I began my employment with Respondent on or about January 23, 2006. My current position is Flight Attendant. In or around November 2024, I was accused of sexual harassment. It was found to be unsubstantiated. I refused to sign paperwork; in retaliation I am being disciplined without merit.

I believe I have been discriminated against because of my race, Black, sex, male, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I believe I have been discriminated against because of my age, 65 (YOB 1960) in violation of the Age Discrimination in Employment Act of 1967, as amended.

EEOC No. 440-2025-04551 | FEPA No.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

06-16-2025

Charging Party Signature & Date

---

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

**Lois S Downes**
**Notary Public, State of New York**
**Qualified in Nassau County**
**#01DO6231238, expires November 22, 20__**

Signature of Notary

Printed Name    LOIS J. DOWNES

EEOC (Inquiry) Number: **440-2025-04551**

## INQUIRY INFORMATION

### INQUIRY OFFICE

**Receiving:** Chicago District Office

**Accountable:** Chicago District Office

### POTENTIAL CHARGING PARTY

**Name:** Mr. Antoine A. Belizaire

**Address:** 66 Marine st

MASSAPEOUA, NY 11758

**Year of Birth:** 1960

**Email Address:** flybell2001@yahoo.com

**Phone Number:** (516) 474-4379

### POTENTIAL CHARGING PARTY'S DEMOGRAPHICS

**Gender:** Male

**Disabled?** No

**Are you Hispanic or Latino?** No

**Ethnicity:**

**National Origin:** Haitian Origin

### RESPONDENT/Employer

**Organization Name:** United airlines

**Type of Employer:** Business or non-profit organization that I applied to, work for, or worked for

**Number of Employees:** An uncertain number of employees

**Primary Address:** 233 Wacker Dr

CHICAGO, IL 60606, UNITED STATES OF AMERICA

**County:** Cook

**Phone Number:**

**Work Address:** 233 Wacker Dr

CHICAGO, IL 60606

**Remote Work:** true

### RESPONDENT CONTACT

**Name:** Crishawn Booker

**Email Address:** Chrishawn.booker@wnco.com

**Phone Number:**

**Title:**

### REASON(S) FOR CLAIM

**Date of Incident (Approximate):** 11/06/2024

**Reason for Complaint:** Race, Age - I am 40 years of age or older, National origin and/or ethnicity, Sex (including sexual orientation, and transgender status), Color

**Pay Disparity:** No

**Location of Incident:** New Jersey

**Submission (initial inquiry) Date** 02/18/2025

**Claim previously filed as charge with EEOC?** No

**Approximate Date of Filing:**

**Charge Number:** 440-2025-04551

**Claim previously filed as complaint with another Agency?** No

**Agency Name:**

**Approximate Date of Filing:**

**Nature of Complaint:**

### ADVERSE ACTION(s)

I was unjustly accused by another employee of sexual harassment, the employee had spoke to someone at EAP, I?m concerned that the investigation might?ve been tainted as a direct action of the EAP person played. Since she armed the employee with false information and added her own personal opinions about me as well. I?ve been very uncomfortable about the whole situation, the workplace environment have been very hostile, and I believe there is a conspiracy within the company to emasculate straight black men. I feel the investigation was unfair and one sided. Although I?ve been told to return back to work, my character have been assassinated, I?ve been feeling paranoid when at work, because United has a retaliation mindset and since I did not relinquish my rights to them by signing a settlement agreement, I was moved to the highest term level without cause,  where I must walk on eggshells or else I?ll be fired. I?m a victim of gender bias, age discrimination and racism.

### APPOINTMENT

**Appointment Date and time:** 06/06/2025 08:30:00 CST

**Interview Type:** Special Phone

### APPROXIMATE DEADLINE FOR FILING A CHARGE: 09/02/2025

**Supplemental information**

### What Reason(s) were you given for the action taken against you?

I was given a level 4 performance warning dated February 13, 2025. It was a alleged i touched a female coworker inappropriately,repeatedly trying to engage her while working flights, stalked her in airport terminals EWR and LHR and knocking on the door of the flight attendant's room doing our layover. I emphatically deny each and every one of these false allegations. I have over a 20 year career without incident as an employee for United airlines.

### Was anyone in a similar situation treated the same, better, or worse than you?

Not applicable at this time

### Please provide name(s) and email and/or phone number of anyone who will support your claim, and briefly describe the information this person will provide.

Not applicable at this time

### Please tell us any other information about your experience.

The action taking against me was discriminatory and pretextual in nature because of my age and race.The level 4 discipline issued was simply a pretext as a result of me refusing to be complicit in a fraudulent allegations for the same identical charge in December of 2024 nothing has occurred between December of 2024 and February 13.2025.